# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

## AT NASHVILLE

### MAY 1997 SESSION

**FILED**

June 26, 1997

Cecil W. Crowson
Appellate Court Clerk



| | |
|---|---|
| **JESSIE JAMES HOUSE,** | ) |
| | ) C.C.A. No. 01C01-9607-CR-00309 |
| Appellant, | ) |
| | ) Davidson County |
| V. | ) |
| | ) Honorable Ann Lacy Johns, Judge |
| | ) |
| **STATE OF TENNESSEE,** | ) (Post-Conviction) |
| | ) |
| Appellee. | |

FOR THE APPELLANT:

Jessie James House, Pro Se
R.M.S.I. Unit 6-B-119
7475 Cockrill Bend Ind. Rd.
Nashville, TN 37209-1010

FOR THE APPELLEE:

Charles W. Burson
Attorney General & Reporter

Daryl J. Brand
Assistant Attorney General
Criminal Justice Division
450 James Robertson Parkway
Nashville, TN 37243-0493

Victor S. (Torry) Johnson III
District Attorney General

Roger D. Moore
Asst. Dist. Attorney General
Washington Square
222 2nd Avenue North, Suite 500
Nashville, TN 37201-1649

OPINION FILED: _____

**AFFIRMED**

**PAUL G. SUMMERS,**
Judge

**O P I N I O N**

The appellant, Jessie James House, was convicted in 1987 of robbery accomplished by use of a deadly weapon. In 1995 he filed a petition for post-conviction relief, approximately seven years after his conviction became final. The trial court dismissed the petition on the ground that it was barred by the statute of limitations.

The appellant's conviction became final in August 1988. At that time the law allowed three years to file a petition for post-conviction relief. Tenn. Code Ann. § 40-30-102 (1990). The appellant's time period for filing his petition expired in August 1991. Therefore, his petition is time barred.[1]

Accordingly, we find no error of law mandating reversal. The trial court's dismissal of the appellant's petition is affirmed in accordance with Tenn. R. Ct. Crim. App., Rule 20.

_____
PAUL G. SUMMERS, Judge

CONCUR:


_____
DAVID G. HAYES, Judge


_____
JERRY L. SMITH, Judge

---

[1] Notwithstanding the untimeliness of the appellant's petition, we reviewed his issues. The issues have been waived or simply lack merit. There is some confusion about a previous post-conviction case which attacked a 1979 conviction and is apparently referred to in the trial court's order dismissing this petition. Nonetheless, this error does not affect the statute of limitations issue.